## MARYLAND CASUALTY CO. v. UNITED STATES.

### No. 5732.

Circuit Court of Appeals, Seventh Circuit.

Jan. 21, 1937.

J. F. Dammann and George Fiedler, both of Chicago, Ill. (Wilson & McIlvaine, of Chicago, Ill., of counsel), for appellant.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and E. E. Angevine, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

Appellee sued appellant to recover on a tax bond in the principal sum of $58,000. The bond was executed in favor of appellee by appellant, as surety, and Walter W. Ahlschlager, Inc., a corporation, as principal. By stipulation, the case was tried before the court without a jury. Judgment was rendered for appellee and from that judgment this appeal is prosecuted.

Substantially the facts are as follows: The corporation was organized in 1921, with an authorized issue of $10,000 common stock and $100,000 preferred stock. It was the successor to the individual architectural business of Walter W. Ahlschlager. The common stock was given to him in exchange for architectural contracts held by him at the time of the incorporation, and the preferred stock was sold from time to time for both cash and services.

Tax returns were for all years from 1921 to and including 1928. Those prior to 1927 were closed by agreements under section 606 of the Revenue Act of 1928 (26 U.S.C.A. § 1660). Those for 1927 and 1928 were examined in March, 1930, by a

revenue agent who recommended a deficiency of $5,807.08 for 1928. Thereupon, the taxpayer secured the services of Wolfe and Company, accountants, who examined all records of the company from the date of its incorporation. Errors were thereby revealed, and amended returns were prepared by taxpayer, correcting the errors which it claimed were due to inadvertence and mistake, and they were filed with the Commissioner with the agreement that fraud would not be charged, although the taxes for some of the years involved were barred by the statute of limitations, unless there was fraud, negligence or intentional disregard of rules and regulations.

The amended returns disclosed deficiencies for 1923, 1924, 1925 and 1928. These returns were verified by a representative of the Department, who, in his report recommended assessment of the amounts shown by the amended returns. In this report he said,

"There is no question but that the amended returns were voluntarily filed. The understatement of income would have been discovered by the Bureau only by a detailed audit of all records which would have required the same length of time as that spent by Wolfe and Company.

"No evidence of evasion was discovered and it is the opinion of the auditor that the understatement of income was due solely to the chaotic condition of its records.

"It will be noted in all years that Mr. Ahlschlager, who is president and has a controlling interest has never drawn a salary, although the success of the corporation is mainly dependent upon him. In 1921, he was credited with a $10,000.00 salary but when it was found that the corporation had incurred a loss in that year the entry was reversed. This statement is made in order to show that had the corporation intended to reduce taxes, it would not wilfully fail to report fees when there were legitimate means at hand to reduce income."

The deficiencies in taxes as reported, with interest, were assessed against the taxpayer in the sum of $50,433.26, on October 4, 1930, the taxpayer having executed a written consent authorizing the assessment and collection, and a waiver of right to petition the Board of Tax Appeals for a redetermination. Notice and demand for payment was made upon taxpayer on October 10, 1930. On October 20, 1930, it

applied to the Commissioner for an extension of time for payment to April 10, 1932, pursuant to section 274(k) of the Revenue Act of 1926 (44 Stat. 55, 57), and section 272(j) of the Revenue Act of 1928 (26 U. S.C.A. § 272 and note). This petition was granted upon the conditions that the total sum should be paid on or before that time, with interest at the rate of six per cent per annum from October 10, 1930, and that a surety bond guaranteeing such payment should be executed in the sum of $55,840. On November 20, 1930, the amount of bond required was raised to $58,000, and on that day it was filed by the taxpayer with appellant as its surety. That bond, among other provisions, contains the following: "Whereas, there is due from the above-bounden principal certain additional income or profits taxes resulting from a deficiency in tax (not due to negligence or to fraud with intent to evade tax). * * *"

The assessments for each year, as covered by the bond, are as follows:

| | |
|---|---|
| 1923 | $ 5,216.73 |
| 1924 | 7,782.96 |
| 1925 | 29,195.69 |
| 1928 | 8,237.88 |

On May 22, and July 11, 1931, the taxpayer made payments of $3,000 each, thereby satisfying the assessment for 1923, and leaving $313.76 to apply on the assessment for 1924. On May 20, 1933, demand for payment of the remaining deficiencies was made on both the principal and surety.

On these facts, appellant contends that the deficiency in tax was due to the taxpayer's negligence, intentional disregard of rules and regulations, or fraud with intent to evade the tax, and for that reason the Commissioner was without power to grant an extension of time for its payment or to accept a bond conditioned upon its future payment, under the provisions of sections 274(k) and 272(j) of the respective Revenue Acts of 1926 and 1928.

Conceding, without admitting, that appellant is authorized to question the Commissioner's finding to the contrary, there is no question of law presented by this contention, unless there was no substantial evidence to support that finding. The examiner's report specifically states that there was no fraud or intent to evade the tax, and he sets forth the facts to support that conclu-

tion. That evidence was substantial and it is sufficient to support the finding as to the absence of fraud and intent. True, the examiner does not refer specifically to negligence, but if that be material, which we do not concede under the circumstances here presented, the defect is abundantly cured by appellant's statement in the bond that the deficiency tax was not due to negligence or to fraud with intent to evade tax.

Appellant attempts to parry the force of this admission by stating that the bond had been prepared on the form furnished by the Government which contained the admission; that it did not speak the truth in this respect, of which fact appellant had no knowledge when the bond was executed. Practically all the facts upon which appellant relies to show negligence, bad intention, and fraud are set forth in the examiner's report. It was on this report that the Government relied in formulating its conclusions. It was available to appellant at the time the bond was executed had it manifested a desire to investigate it. At least, it was not compelled to execute the bond until it was satisfied of the truthfulness of its declarations. If their truthfulness were so readily admitted at the time the premium was received, they should not be too easily stricken down after the default of the principal. The court's ruling in this respect was supported by substantial evidence, and we can not disturb it.

It is further contended by appellant that the court erred in allowing interest at one per cent. per month, instead of six per cent. per annum until the penalty of the bond was exhausted, and at the legal rate of five per cent. per annum thereafter. The court computed the interest on the principal amount at one-half per cent. per month from October 10, 1930, the date of the demand on the taxpayer for payment, to May 20, 1933, the date of demand upon the surety and principal. To this it added one per cent. per month from May 20, 1933, to July 5, 1934, at which time the principal and interest due equalled the penal sum of the bond. Thereafter, interest was computed at five per cent. per annum, the legal rate in Illinois, to the date of judgment. We think this computation was correct. United States v. Maryland Casualty Co. (C. C.A.) 49 F.(2d) 556; Maryland Casualty Co. v. United States (C.C.A.) 76 F.(2d) 626.

Judgment affirmed.